Filed 5/26/15  Chu v. Naik CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LI CHING CHU et al.,<br><br>        Plaintiffs and Appellants,<br><br>v.<br><br>VINAYAK NAIK et al.,<br><br>        Defendants and Respondents. | A142837<br><br>(San Mateo County<br>Super. Ct. No. CIV508888) |

Cindy K. Hung (Cindy) died tragically after a fall at her workplace on October 21, 2010.[1]  Her death was ruled a suicide by the coroner.  Cindy's parents, appellants Li Ching Chu and Robert Ching Liang Hung (Plaintiffs), are convinced that their daughter was murdered and the true cause of her death has been covered up by an ongoing conspiracy.  Plaintiffs' wrongful death action, filed in 2011, has yet to proceed past the pleading stage.  At issue here are demurrers sustained by the trial court without leave to amend as to several individuals who were substituted for Doe defendants.  We affirm.

## I.    BACKGROUND

As relevant here, Plaintiffs' fourth amended complaint asserted claims against Tribal Technologies (Cindy's employer), Joseph Vierra (Cindy's supervisor), Victoria Dinovich, and multiple Doe defendants.  The claims arise from Cindy's death at her workplace in October 2010.  Cindy's body was found on the rooftop of a breezeway in the office building where she worked for Tribal Technologies.  Her death was deemed a

---

[1] We refer to decedent by her first name to avoid confusion.  We intend no disrespect.

1

suicide. Plaintiffs allege that Tribal Technologies employees Vierra and Dinovich murdered Cindy with the assistance of the Doe defendants, and all defendants covered up the crime. Plaintiffs assert claims for assault, battery, intentional infliction of emotional distress, negligence, negligent supervision and retention, obstruction of justice, wrongful death, and "vicarious liability."

Plaintiffs eventually identified several Doe defendants, including respondents Vinayak Naik, Debbie Pranckitas, Charlie Lin, Elisia Chestang, Steven Clark, Rosanna Fay, Amrose Birani, Fred Xi, Jette Speights, Jon Davis, Jonathan Hecht, Saimon Rai, Samantha Wong, Paul Swanson, Shari Lewin, Jason Taylor, Beorn Johnson, Jonathan Hansen, Travis Johnson, Alberto Moriondo, Harish Ravichandran, Isai Damier, Sal Orlando, and Caroline Hoffman (Respondents).[2] Respondents successfully demurred and judgment was entered in their favor. Plaintiffs appeal from the judgment.

## II.    DISCUSSION

Plaintiffs argue the trial court erred in sustaining Respondents' demurrers without leave to amend. We review an order sustaining a demurrer de novo, exercising our independent judgment as to whether, as a matter of law, the complaint states a cause of action on any available legal theory. (See *Lazar v. Hertz Corp.* (1999) 69 Cal.App.4th 1494, 1501.) In doing so, we assume the truth of all material factual allegations together with those matters subject to judicial notice. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) If the demurrer was sustained without leave to amend, "we must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) If we find that an

---

[2] We have previously addressed this litigation involving defendants who are not party to the instant proceedings. (*Chu v. Tribal Brands, Inc.* (Mar. 12, 2015, A141730) [nonpub. opn.], petn. for review pending, petn. filed Apr. 20, 2015; *Chu v. Tribal Technologies, Inc.* (Mar. 6, 2015, A143749) [order dismissing appeal]; *Chu v. Glenborough 400 ECR, LLC* (Apr. 9, 2014, A139167) [nonpub. opn.]; *Hung v. Superior Court* (July 22, 2013, A139224) [order denying writ petition].) Respondents' unopposed request that we take judicial notice of our unpublished opinion in *Chu v. Tribal Brands, Inc., supra,* A141730 is denied as unnecessary. (See Cal. Rules of Court, rule 8.1115(b)(1).)

amendment could cure the defect, we will conclude that the trial court abused its discretion and reverse. Plaintiffs have the burden of proving that an amendment would cure the defect. (*Ibid.*)

On September 6, 2013, Plaintiffs filed amendments to their fourth amended complaint (Complaint), substituting Respondents for a number of Doe defendants within the range of Doe 10 to Doe 55. Plaintiffs did not amend to include any specific factual allegations as to any of these new defendants. The demurrer was therefore decided based on the sufficiency of the Doe allegations of the operative Complaint. Plaintiffs alleged that Tribal Technologies and Does 1 through 50 operated jointly as a software developer, and that Glenborough 400 ECR, LLC and Does 51 to 100 jointly operated an office building where the software developer had its offices. Most of the specific allegations of misconduct (sexual harassment and exploitation, murder, and illegal coverup of the murder) were directed toward named individuals and Does 1 through 50, but the Complaint also alleges that "each of the defendants was the agent . . . of each of the remaining defendants." The Complaint asserts causes of action against Does 1 through 50 for assault, battery, intentional infliction of emotional distress, negligent infliction of emotional distress (entitled "negligence"), negligent supervision and retention, and wrongful death, and the parties and the trial court treated the claims as being brought against all of the Respondents.

A.      *Code of Civil Procedure Section 377.34*

Respondents argued below that the causes of action for assault and battery failed to state valid claims because damages sought in the Complaint were barred by Code of Civil Procedure section 377.34,[3] limiting recovery to a decedent's predeath economic losses. The trial court ruled that not only the assault and battery claims, but also the wrongful death claims, were barred by this statute. We conclude only the survival causes of action were barred by the statute.

---

[3] Undesignated statutory references are to the Code of Civil Procedure.

1.	*Survival Causes of Action/Noneconomic Damages*

Plaintiffs brought suit in their individual capacities and as successors in interest to Cindy, and inferably asserted each cause of action in both capacities. As successors in interest to Cindy, Plaintiffs assert survival causes of action, i.e., causes of action that belonged to Cindy and survived her death. (See §§ 377.20, 377.30–377.35.)

As to survival causes of action, section 377.34 provides: "In an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, *the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death*, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, *and do not include damages for pain, suffering, or disfigurement*." (Italics added.)

The survival causes of action for assault and battery are barred by section 377.34 because they do not allege economic damages incurred by Cindy before her death. Aside from pain, injury and death caused directly by the assault and battery, Plaintiffs alleged that these torts resulted in funeral and burial expenses, loss of companionship, the cost of a forensic pathologist, loss of Cindy's income, and resources spent to bring the instant lawsuit—all damages incurred after Cindy's death. Plaintiffs also alleged they incurred "hospital, medical, professional and incidental damages," but other allegations of the Complaint (i.e., that the paramedics arrived too late to help Cindy) reflect that these too were incurred after Cindy's death. Plaintiffs do not argue otherwise on appeal. Plaintiffs alleged that as a result of the assault and battery, "property owned and used by [Cindy] was damaged; and [P]laintiffs, thereafter, were denied use . . . of said vehicle and other property, to Plaintiffs' further damage." This appears to be a reference back to an allegation that, apparently after Cindy's death, "defendants located Cindy['s] car, broke into the rear window and cleaned out all of the evidence of their crime. As a result, [P]laintiffs were deprived of the use of this car because it is now evidence of the murder." The complaint does not establish a causal connection between the assault and battery and the alleged damage to or loss of use of Cindy's vehicle, and Plaintiffs do not argue on

4

appeal that any alleged property damage provides the missing predeath economic damage element necessary to save these claims from dismissal under section 377.34. We therefore affirm the trial court's dismissal of the survival assault and battery claims.

The survival claims for intentional and negligent infliction of emotional distress are by definition barred by section 377.34 because the damages for such torts consist of emotional suffering. (*Christensen v. Superior Court* (1991) 54 Cal.3d 868, 903.) The survival claim for negligent supervision and retention alleges Cindy suffered mental anguish, pain and suffering, and death, all damages also barred by section 377.34. In sum, Plaintiffs failed to state any valid survival causes of action against Respondents.

2.      *Wrongful Death Cause of Action*

The trial court erred in ruling that Plaintiffs' wrongful death cause of action failed under section 377.34. Wrongful death is a statutory cause of action held by certain persons for the wrongful death of another. (§ 377.60.) Those persons include, "if there is no surviving issue of the decedent, the persons . . . who would be entitled to the property of the decedent by intestate succession" (§ 377.60, subd. (a)), and includes parents who were dependent on the decedent. (§ 377.60, subd. (b); Prob. Code, § 6402, subd. (b).) Plaintiffs are within the class of potential plaintiffs.

In a wrongful death action, "damages may be awarded that, under all the circumstances of the case, may be just, but may *not* include damages recoverable under Section 377.34." (§ 377.61, italics added.) The obvious intent of the latter clause is to prevent a double recovery when both a survival action and a wrongful death action can be maintained. As relevant here, the significant point is that section 377.34's restrictions on recoverable damages do *not* apply to wrongful death actions; on the contrary, all damages as may be just may be awarded. The trial court, therefore, erred in ruling that section 377.34 bars recovery under the wrongful death cause of action.

B.      *Direct Claims for Assault, Battery and Wrongful Death*

We consider whether Plaintiffs stated valid *direct* (as distinct from survival) claims for assault and battery and whether their wrongful death claim fails on any other grounds.

Plaintiffs do not allege that any defendant committed assault or battery against them, only that they suffered some consequential harm due to assault and battery against Cindy. But they cite no legal authority allowing them to recover for consequential harm resulting from assault and battery on another. Therefore, the direct claims for assault and battery were properly dismissed.

C.     *Direct Emotional Distress Claims*

Plaintiffs premise their direct claims for infliction of emotional distress on the defendants' alleged coverup of Cindy's murder. They allege the defendants "lied to investigators about Cindy being depressed[,] . . . bribed the San Mateo County Coroner and the police[,] . . . threatened to sue the coroner if [he or she] did not do their bidding[,] . . . [and] lied to the police . . . to deflect attention away from the real murderers and to prevent Cindy's murder from being investigated." As a result of these actions, Plaintiffs "were made to believe that their daughter committed suicide" and "Defendants ensured that Cindy's murder would not be investigated."

The trial court correctly ruled that these allegations fail to state a valid claim for intentional infliction of emotional distress because none of the alleged conduct was directed at Plaintiffs or knowingly committed in their presence. To be actionable, intentional infliction of emotional distress "must be conduct directed at the plaintiff, or occur in the presence of a plaintiff of whom the defendant is aware." (*Christensen v. Superior Court, supra,* 54 Cal.3d at p. 903.) The Complaint alleges that "defendants" lied to police and the coroner's office, not to Plaintiffs themselves. Even if Respondents knew that their actions would indirectly cause distress to Plaintiffs as Cindy's parents, as Plaintiffs argue on appeal, such knowledge does not support liability for these causes of action under California law. Plaintiffs' citation of Tennessee law does not advance their argument on this issue.

In opposition to the demurrers, Plaintiffs wrote that respondents "told [P]laintiffs, Cindy's surviving parents, that Cindy had committed suicide." However, the Complaint's detailed allegations of the coverup cite false statements by defendants only to police or the coroner's office, and none directly to Plaintiffs. The only false statements

6

alleged to have been made to Plaintiffs' representative were statements by the police and coroner, not by the defendants. Plaintiffs do not set forth any facts identifying any defendant who purportedly said anything directly to Plaintiffs, nor do Plaintiffs allege when and where such statements, if any, were made. Plaintiffs did not argue in opposition to the demurrer, and make no suggestion here, that they could amend their complaint to allege in good faith that any false statements about suicide were made to them by any defendant directly. No such claim was made in any of the prior complaints. Since Plaintiffs make no proffer in support of a further amendment, and made no request to amend, we assume they cannot. (*Ortega v. Contra Costa Community College Dist.* (2007) 156 Cal.App.4th 1073, 1080 [a plaintiff has the burden of proving that an amendment would cure the defect].)

The negligent infliction of emotional distress claims also failed because Plaintiffs alleged no preexisting relationship with the Respondents that would give rise to a duty of care. "[A] cause of action to recover damages for negligently inflicted emotional distress will lie . . . in cases where a duty arising from a preexisting relationship is negligently breached." (*Burgess v. Superior Court* (1992) 2 Cal.4th 1064, 1074.) Here, defendants' preexisting relationship was with Cindy, not Cindy's parents. Plaintiffs' arguments to the contrary are unpersuasive.

In sum, the negligent and intentional infliction of emotional distress claims were properly dismissed as to all of the Respondents.

D.    *Direct Negligent Supervision and Retention Claim*

The cause of action for negligent supervision and retention alleges that Tribal Technologies negligently failed to investigate the backgrounds of Vierra and Dinovich, who allegedly murdered Cindy. Purportedly, such an investigation would have disclosed "that Vierra had a history of training female subordinates to seduce clients in order to win business," that Dinovich was participating in this sexual conduct, and that Vierra had a "history of violent behavior and murder against women." Allowing Vierra to work at Tribal Technologies as Cindy's supervisor and carry out his schemes with Dinovich's help allegedly contributed to Cindy's death.

7

The trial court correctly dismissed these claims as to Respondents. "[E]xcept where a statutory exception applies, an employee or former employee cannot sue other employees based on their conduct relating to personnel actions," even if the employees acted with malice. (*Sheppard v. Freeman* (1998) 67 Cal.App.4th 339, 342; *id.* at pp. 346–347.) Plaintiffs argue they should be given an opportunity to conduct discovery regarding Respondents' roles at the company, but such information would not save the claims because it would not change the fact that Respondents are employees, not employers. Moreover, because Respondents could not have been held liable to Cindy for negligent supervision and retention, they also cannot be held liable to Plaintiffs for wrongful death action based on negligent supervision and retention. Plaintiffs argue *Sheppard* was wrongly decided, but at this point our adherence to *Sheppard* is law of the case. (*Quackenbush v. Superior Court* (2000) 79 Cal.App.4th 867, 874.)

E.      *Punitive Damages*

Because the trial court sustained Respondents' demurrers in their entirety without leave to amend, there was no basis for Plaintiffs' prayer for punitive damages from Respondents. Therefore, Plaintiffs' arguments on appeal regarding punitive damages are off point.

## III.    DISPOSITION

The July 18, 2014 judgment of dismissal of Respondents is affirmed. Plaintiffs shall bear Respondents' costs on appeal.

_____
BRUINIERS, J.

WE CONCUR:


_____
JONES, P. J.


_____
NEEDHAM, J.